UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
```
                                        :
SHARON CARR,                            :   CASE NO. 1:16-CV-1249
                                        :
        Plaintiff,                      :
                                        :
    vs.                                 :   OPINION & ORDER
                                        :   [Resolving Docs. 1, 20]
COMMISSIONER                            :
OF SOCIAL SECURITY,                     :
                                        :
        Defendant.                      :
                                        :
```
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 24, 2016, Plaintiff Sharon Carr sued to reverse a disability insurance benefits denial.[1] On May 22, 2017, Magistrate Judge Thomas M. Parker recommended affirming the Commissioner's denial of benefits.[2] Plaintiff Carr filed timely objections.[3]

For the reasons stated below, this Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's Recommendation.

## I. Background

On September 4, 2012, Plaintiff Carr applied for disability insurance benefits ("DIB").[4] With the application, the Plaintiff claimed a February 12, 2012, onset date.[5] Plaintiff's claim was denied initially and was denied upon reconsideration.[6]

Plaintiff then requested a hearing before an administrative law judge ("ALJ").[7] After an October 30, 2014, hearing, the ALJ denied Plaintiff's claim.[8] The ALJ found that Plaintiff Carr

---

[1] Doc. 1. The Commissioner of Social Security answered. Doc. 12.
[2] Doc. 20.
[3] Doc. 22.
[4] Doc. 13 at 181-82.
[5] *Id*. at 84.
[6] *Id*. at 82 (initial denial), 91 (denial upon reconsideration).
[7] *Id*. at 126-26.
[8] *Id*. at 12-32.

has organic mental disorder, affective disorders, and anxiety disorders. However, the ALJ found that her impairments do not rise to the level of disability.[9] The ALJ stated that Carr's residual functional capacity ("RFC") is sufficient to work with certain limitations.[10]

The ALJ relied on various doctor and professional opinions in reaching his decision.

Dr. Cynthia Griggins, Ph.D., treated Carr from April 2012 to May 2013. At the beginning of treatment, Dr. Griggins noted that Carr had difficulty learning words and was "outside the average range" in memory competency.[11] Throughout treatment, Dr. Griggins found Carr progressing in some areas but lagging in others. For example, Dr. Griggins noted improvement in Carr's ability to remember stories and learn new technologies, but also found deficiencies in her ability to learn new words.[12]

In March 2013, Dr. Griggins found that Carr's self-identified memory problems were sometimes comprehension problems.[13] Griggins also noted that Carr had excellent memory compensatory strategies.[14]

Finally, in May 2013, Dr. Griggins told Carr that her issues remembering contents of certain conversations and comprehending what she reads is a common problem for all people with average memory retention.[15] Carr's memory loss caused a lack of confidence and a fear of getting back into the workplace—both of which exacerbated her memory problems.[16] Dr. Griggins advised Carr to build her confidence.[17]

---

[9] *Id*. at 18-25.
[10] *Id*.
[11] *Id*. at 329, 342.
[12] *Id*. at 352.
[13] *Id*. at 382.
[14] *Id*. at 383.
[15] *Id*. at 384.
[16] *Id*. at 382, 384.
[17] *Id*.

From January to May 2014, Carr met with Cynthia Carleton, a vocational rehabilitation counselor and job coach. Carleton assisted Carr to work at Carr's mother's travel agency. Carleton reported that Car's confidence, customer service, and information processing skills improved throughout.[18]

In October 2012, occupational therapist Cynthia Anderson completed a work evaluation for Carr. She concluded that Carr had deficits in delayed recall and memory retention, but was successfully implementing strategies to improve those skills.[19] Anderson found that Carr "had the potential to return to gainful employment with completion of vocational retraining."[20]

Based on these various opinions, state agency psychological consultant Dr. Bruce Goldsmith, Ph.D., found that Plaintiff Carr could "perform a wide range of simple, repetitive tasks involving superficial contact with others in a setting free of strict production standards or fact pace."[21] The ALJ used Goldsmith's opinion as the basis for his RFC finding.[22]

Following the ALJ's denial of Plaintiff Carr's claim, the Appeals Council denied Plaintiff's request for review.[23]

On May 24, 2016, Plaintiff Carr brought a claim in this Court for wrongful denial of disability insurance benefits.[24] Plaintiff argues that the ALJ (1) confused the difference between short-term and long-term memory loss; (2) considered Griggins, Anderson, and Carleton's

---

[18] *Id.* at 385-411.
[19] *Id.* at 359-62.
[20] *Id.* at 362.
[21] *Id.* at 103.
[22] The Court notes that the ALJ gave little weight to Dr. Eric Shapiro's opinion. *Id.* at 424. Specifically, the ALJ found Shapiro's opinion inconsistent with Dr. Griggins' opinion and credited Griggins opinion because she consistently treated Plaintiff Carr for her cognition and memory issues. *Id.* at 25. The Court does not address this issue because Plaintiff Carr does not raise it in her objections.
[23] *Id.* at 1-4.
[24] Doc. 1. The Commissioner of Social Security answered. Doc. 12.

Case No. 1:16-CV-1249
Gwin, J.

opinions without incorporating their findings in the RFC; and (3) did not consider Carr's non-severe impairments in determining her RFC.[25]

On May 22, 2017, Magistrate Judge Thomas M. Parker recommended affirming the Commissioner's denial of benefits.[26] In the report and recommendation ("R&R"), Magistrate Judge Parker found that substantial evidence supported the ALJ's decision.

The Magistrate Judge's R&R finds that Goldsmith, Griggins, Fastenau, and Carleton's opinions provide substantial evidence for the ALJ's decision.[27] The R&R also addresses and dismisses Plaintiff's three specific arguments.

Specifically, the R&R found (1) the ALJ consistently recognized short-term memory problems; (2) the RFC properly explained Carr's maximum ability rather than her best or ideal environment; and (3) the ALJ properly considered Carr's non-server impairments but did not find them to cause functional limitations in the workplace.[28]

On June 15, 2016, Plaintiff Carr filed objections to the R&R.[29] Carr argues that Magistrate Judge Parker misapplied the law and misinterpreted evidence when he concluded that substantial evidence supported the RFC.

## II. Legal Standard

In reviewing an ALJ's disability determination under the Social Security Act, a district court reviews whether the ALJ's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[30] Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[31]

---

[25] Doc. 16 at 1.
[26] Doc. 20.
[27] *Id.* at 16-18.
[28] *Id.* at 18-23.
[29] Doc. 22.
[30] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).
[31] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).

-4-

Case No. 1:16-CV-1249
Gwin, J.

A district court is limited in what it can review. Specifically, a district court should not try to resolve "conflicts in evidence or decide questions of credibility."[32] A district court also may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[33]

Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[34] This Court cannot reverse the ALJ's decision, even if substantial record evidence would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion.[35]

To establish disability under the Social Security Act, a plaintiff must show that she cannot engage in any substantial gainful activity because of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months."[36] Agency regulations establish a five-step sequential evaluation for use in determining whether a claimant is disabled.[37]

### III. Discussion

This Court reviews Carr's objections *de novo*.[38] Carr argues that the substantial evidence does not support the RFC. This Court disagrees. The ALJ molded the RFC from state agency psychological consultant Dr. Bruce Goldsmith's, Ph.D., well-informed evaluation.

---

[32] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[33] *See Siterlet v. Sec. of Health and Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that the ALJ's decision cannot be overturned so long as the ALJ's decision was supported by substantial evidence).
[34] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).
[35] *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).
[36] *See* 42 U.S.C. § 423(d); *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 534 (6th Cir. 2001).
[37] *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).
[38] 28 U.S.C. § 636(b)(1) (requiring *de novo* review of claimant's objections to a report and recommendation).

Dr. Goldsmith reviewed Carr's file and relied on Dr. Griggins' evaluations. Specifically, based on Griggins' notes, Goldsmith found that Carr's emotions were her "biggest" issue.[39] Although Carr's memory is "moderately impaired," her condition worsens from a "lack of confidence [and] anxiety."[40]

Dr. Goldsmith also relied on vocational rehabilitation counselor Cynthia Carleton's evaluation. Carleton accompanied Carr to work at Carr's mother's travel agency. Based on Carleton's notes, Dr. Goldsmith found that Carr "was diligent and successful using strategies for memory and task completion."[41] Goldsmith noted that Carr's "lack of understanding" may be related not only to "changes in her brain" but also "difficulty accepting her disability."[42]

Dr. Goldsmith reasonably relied on Dr. Griggins' and Carleton's evaluations in forming his RFC. Dr. Griggins met with Carr multiple times over a one-year period, observed her memory improving with time, and recognized that Carr's self-confidence was perhaps more debilitating than her memory loss. Carleton observed Carr succeeding in a workplace setting when she applied certain coping mechanisms and memory recall strategies.

Based on these observations, Dr. Goldsmith found that Carr could "perform . . . a wide range of simple, repetitive tasks involving superficial contact with others in a setting free of strict production standards or fast pace."[43]

The ALJ relied heavily on Dr. Goldsmith's recommendation in deciding Carr's RFC. The ALJ found that Carr has the capacity "to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant is able to understand, remember, and carry out instructions to perform simple, routine, and repetitive tasks, but not at a production rate

---

[39] Doc. 13 at 98.
[40] *Id*.
[41] *Id*. at 98 (referencing *id*. at 385-411) (Carleton's observations of Carr in the workplace).
[42] *Id*.
[43] *Id*. at 103.

Case No. 1:16-CV-1249
Gwin, J.

pace (*i.e.* assembly line work). The claimant's ability to deal with changes in the work setting is limited to simple, work-related decisions."[44]

Record evidence supports the RFC. Carr successfully worked at her mother's travel agency and Carr can use the same skills at another location doing similar work.

Plaintiff Carr complains that Dr. Goldsmith's evaluation was incomplete because he did not consider Plaintiff's vocational records and witness statements. Carr argues that Goldsmith was "not aware of the need for compensatory strategies in the work place nor the special attention Ms. Carr required to perform her work experience in her mother's business."[45]

From the evidence Dr. Goldsmith reviewed, however, he seems to have understood the "special attention" Carr needed to successfully work. For example, Dr. Goldsmith noted that Carr excelled in a "[n]on pressured atmosphere [where she] could ask questions about a task."[46] The RFC takes account of this factor by excluding "production rate pace" work.

Plaintiff Carr also argues that the ALJ failed to consider Dr. Griggin's entire opinion. Carr argues that the Magistrate Judge overlooked Griggin's statement that Carr's memory was "worsened by [her] anxiety and lack of confidence." Carr also argues that the Magistrate Judge improperly cited Carr's "work ethic, habits and skills" as support for the RFC—Carr says there is no "logical bridge" between Carr's worth ethic and her memory loss.[47]

On the contrary, Dr. Griggins, the ALJ, and the Magistrate Judge recognized a direct link between Carr's memory problems and anxiety—the anxiety exacerbates the memory problems. Carr's work ethic can partially overcome her anxiety, which, according to her doctors, will in turn reduce her memory problems. The Magistrate Judge was right to recognize this connection.

---

[44] Doc. 13 at 20.
[45] Doc. 22 at 3.
[46] Doc. 13 at 98.
[47] Doc. 22 at 2.

-7-

Next, Plaintiff renews her argument that the ALJ confused long-term and short-term memory improvement.[48] The Court agrees with the Magistrate Judge—the ALJ referenced evidence showing that Carr's short-term memory has improved. For example, the ALJ noted Carr's improved ability to "learn *new* technology" and Carr's test results that "demonstrated considerable improvement in [Carr's] *immediate* recall."[49]

Carr next argues that the ALJ failed to show that work fitting Carr's RFC exists in the national economy.[50] This argument loses. Based on the vocational expert's testimony, the ALJ noted three jobs Carr could perform as well as their availability in the regional, Ohio, and national economy.[51]

Carr also renews the argument that the ALJ did not account in the RFC for "her need for compensatory strategies in a supportive environment."[52] The Court agrees with the Magistrate Judge's opinion—the RFC is consistent with vocational expert Carleton's evaluation of Carr's work capability.[53] Carleton found that Plaintiff Carr could complete tasks at work after writing down directions. And, after time and repetition, "she commits many steps to memory."[54] The RFC corresponds with the opinion by recommending simple, routine, and repetitive tasks.

Next, Carr argues that whether Plaintiff Carr's memory strategies would interfere with work is a "vocational question" for the ALJ to consider in formulating the RFC.[55] As discussed above, the recommendation for simple, routine, and repetitive tasks tracks Carr's strategy of writing down directions and following them until she can commit them to memory.

---

[48] *Id*. at 4.
[49] Doc. 13 at 21-22.
[50] Doc. 22 at 6.
[51] Doc. 13 at 27 (listing order puller, laundry laborer, and housekeeping cleaner as potential jobs).
[52] Doc. 22 at 7.
[53] Doc. 20 at 20-21.
[54] Doc. 13 at 411.
[55] Doc. 22 at 9.

Case No. 1:16-CV-1249
Gwin, J.

Last, Plaintiff Carr argues that Magistrate Judge Parker's reference to vocational counselor Carleton's statement that Carr had the "potential" to return to work means she is not yet capable of a full-time job.[56] Plaintiff's argument fails.

First, it was occupational therapist Cynthia Anderson, not Carleton, who found Plaintiff "had the potential to return to gainful employment with the completion of vocational training."[57]

Second, Anderson issued her report in October 2012. Carr argues that Anderson's statement means Carr could not return to work "as of the date of the [ALJ] hearing."[58] The ALJ hearing, held on November 14, 2014, was over two years after Anderson's report. Carr's argument loses.

Plaintiff Carr's main complaints are that the RFC understates Plaintiff's short-term memory loss and exaggerates her ability to work without various accommodations. After evaluating the ALJ's decision with these complaints in mind, the Court finds that Plaintiff's compromised but improving memory and work restrictions are adequately addressed by the RFC.

### V. Conclusion

For the foregoing reasons, this Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Recommendation, and **AFFIRMS** the ALJ's denial of benefits.

IT IS SO ORDERED.

Dated: June 19, 2017  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[56] *Id.*
[57] Doc. 13 at 362.
[58] Doc. 22 at 9.